IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS (Kansas City)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Albert Allan Brynds, Jr. | ) | Case No. 21-20342 |
| Valerie Kay Fahrnow | ) | Chapter 13 |
| Debtors, | ) | |
| | ) | |
| JPMorgan Chase Bank, N.A. | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| Albert A. Brynds, Jr. | ) | |
| Respondent, | ) | |
| Shannen C. Fahrnow | ) | |
| Non-filing Co-Debtor, | ) | |
| and | ) | |
| | ) | |
| William H. Griffin | ) | |
| Trustee. | ) | |

## MOTION FOR ORDER MODIFYING AUTOMATIC STAY AND CO-DEBTOR STAY

### COUNT I

COMES NOW, JPMorgan Chase Bank, N.A., its subsidiaries, affiliates, predecessors in interests, successors or assigns, ("Movant"), by and through its counsel of record, and in support of its motion, states as follows:

1. Albert A. Brynds, Jr., Debtor, is indebted to JPMorgan Chase Bank, N.A. in the sum of $5,417.55 plus interest. Debtor's debt is secured by a first, prior and duly perfected security interest in, to and against 2010 Toyota Camry; VIN 4T4BF3EK2AR055967 (the "collateral") Debtor's debt, Movant's interest, and the perfection of Movant's security interest are evidenced by the Retail Installment Sale Contract attached hereto as Exhibit "A". A copy of the Dealer Track Verification of Lien to said motor vehicle is attached hereto as Exhibit "B".

2. Debtor, Albert A. Brynds, Jr. has defaulted on his obligation to Movant in that he

has failed to make the payments required under the terms of the Agreement. The balance due and owing is in the approximate sum of $5,417.55. The Debtor has defaulted in making the payments due to Movant and the current delinquent amount due is $655.40, representing default for three (3) months.

3. Movant will be inadequately protected in the event that the automatic stay is not lifted. Debtor, Albert A. Brynds, Jr. is unable to make the payments called for in the Agreement during the pendency of this bankruptcy. The value of the collateral is declining during the pendency of this bankruptcy. The current amount owed to Movant is approximately $5,417.55. The fair market value of the collateral is declining during the pendency of this bankruptcy. Attached as Exhibit "C" and made a part hereof is a NADA Official Used Car Guide indicating that a likely valuation is $8,375.00. It is apparent that after Movant's obligation is paid that there may be surplus funds available for the benefit of the estate. Movant proposes to sell the subject vehicle and deliver the surplus, if any, to the trustee.

4. The continuation of the automatic stay will work real and irreparable harm to Movant and will deprive Movant of adequate protection to which it is entitled under 11 U.S.C. §362 and §363 for the reasons mentioned above.

5. The continuation of the automatic stay could result in an unlawful taking of Movant's property.

6. The collateral is not necessary for an effective reorganization.

**WHEREFORE**, Movant, its successors or assigns, respectfully requests the Court to enter, among others, the following orders:

(a) An order modifying the automatic stay for the purpose of allowing Movant to repossess and sell the Collateral and to apply all proceeds therefrom to the Debtor's debt;

(b) An order granting such other and further relief as the Court deems just.

## COUNT II

Movant incorporates the allegations in paragraphs 1 through 6 as fully set out herein:

7. *Shannen C. Fahrnow* is a co-signor of the aforementioned debt, but has failed to make payments thereon.

8. Movant will sustain irreparable harm, loss, damage, and prejudice if the co-debtor stay imposed by Section 1301 of the Bankruptcy Code is not modified as hereinafter prayed.

**WHEREFORE**, Movant, its successors or assigns, respectfully requests the Court to enter, among others, the following orders:

(a) An order modifying the Co-Debtor stay imposed by Section 1301 of the Bankruptcy Code for the purpose of allowing Movant to pursue its lawful remedies against *Shannen C. Fahrnow.*

(b) An order granting such other and further relief as the Court deems just.

Respectfully submitted,

LEWIS RICE LLC

/s/Jonah W. Lock
Jonah W. Lock, #60515
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333 / Fax: (913) 642-8742
jlock@lewisricekc.com
ATTORNEY FOR MOVANT

## **CERTIFICATE OF SERVICE**

This is to certify that on this 16th day of September, 2021, a copy of the foregoing Notice, together with a copy of the motion and exhibits were mailed to each of the following persons:

Albert Allan Brynds, Jr.
Valerie Kay Fahrnow
12519 Connell Dr.
Overland Park, KS 66213
Debtors

William H. Griffin
5115 Roe Blvd. Ste. 200
Roeland Park, KS 66205
Trustee

Shannen C. Brynds
12279 S. Strangline Rd., Apt. 1110
Olathe, KS 66062
Co-Debtor

Ryan A. Blay
15095 W. 116th St.
Olathe, KS 66062
Attorney for Debtor

　　　　　　　　　　　/s/Jonah W. Lock
　　　　　　　　　　　Attorney for Movant

# LAW 553-KS-ARB-e 6/16

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

Dealer Number ▓▓▓▓▓▓ _____ Contract Number ▓▓▓▓▓▓▓▓▓ _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| SHANNEN C. FAHRNOW 12519 CONNEL DRIVE OVERLAND PARK, JOHNSON KS 66213 | ALBERT A. BRYND SR 12519 CONNEL DRIVE OVERLAND PARK, JOHNSON KS 66213 | OLATHE SUBARU LLC 505 S FirSt Olathe, KS 66061 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| Used | 2010 | TOYOTA CAMRY-4 CYL. | 67990 | 4T4BF3EK2AR055967 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ _____ |



### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $5,000.00 is |
|---|---|---|---|---|
| 10.24 % | $ 1,945.81 | $ 8,544.59 | $ 10,490.40 | $ 15,490.40 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | 218.55 | Monthly beginning 9/26/2019 |

One Final Payment Of $ N/A On N/A

Or As Follows:

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of ___5___ % of the part of the payment that is late. If the vehicle is primarily for personal, family, or household use, the maximum charge for each late payment will be $25.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**APPLICABLE LAW**
Federal law and Kansas law apply to this contract. This contract shall be subject to the provisions of the Kansas Uniform Consumer Credit Code (including Article 2, Parts 2 and 5) unless you are a corporation or the vehicle is purchased primarily for business or agricultural use.

**Returned Check Charge:** If any check you give us is dishonored, you will pay a charge of $30 if we demand that you do so.

### WARRANTIES SELLER DISCLAIMS
The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. It only applies if you are an organization.
**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____ Co-Buyer Signs X _____

This is not the Authoritative Copy.

## ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ 1,170.59 sales tax) $ 11,085.59 (1)

2 Total Downpayment =
  Trade-In N/A    N/A         N/A
         (Year)  (Make)       (Model)

  Gross Trade-In Allowance $ N/A
  Less Pay Off Made By Seller $ N/A
  Equals Net Trade In $ N/A
  + Cash $ 5,000.00
  + Other N/A $ N/A
  (If total downpayment is negative, enter "0" and see 4I below) $ 5,000.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 6,085.59 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
  (Seller may keep part of these amounts):

  A Cost of Optional Credit Insurance Paid to Insurance
    Company or Companies.
    Life           $ N/A
    Disability     $ N/A                      $ N/A

  B Vendor's Single Interest Insurance
    Paid to Insurance Company                 $ N/A

  C Other Optional Insurance Paid to Insurance Company or Companies $ N/A

  D Optional Gap Contract                     $ N/A

  E Official Fees Paid to Government Agencies
    to N/A              for N/A               $ N/A
    to N/A              for N/A               $ N/A
    to N/A              for N/A               $ N/A

  F Government Taxes Not Included in Cash Price $ N/A

  G Government License and/or Registration Fees
    STATE OF KS                               $ 7.00

  H Government Certificate of Title Fees       $ 12.50

  I Other Charges (Seller must identify who is paid and
    describe purpose.)
    to N/A              for Prior Credit or Lease Balance $ N/A
    to ZURICH           for EXT WARRANTY/SERVICE $ 2,150.00
    to N/A              for MAINTENANCE        $ N/A
    to OLATHE SUBARU    for DOC FEE            $ 289.50
    to N/A              for N/A                $ N/A
    to N/A              for N/A                $ N/A
    to N/A              for N/A                $ N/A
    to N/A              for N/A                $ N/A
    to N/A              for N/A                $ N/A
    to N/A              for N/A                $ N/A
    Total Other Charges and Amounts Paid to Others on Your Behalf $ 2,459.00 (4)

5 Amount Financed (3 + 4) $ 8,544.59 (5)

This is not the Authoritative Copy.

Customer Copy

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
_____N/A_____ , Year _N/A_ . SELLER'S INITIALS _N/A_

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____N/A_____ Mos. _____N/A_____
                                 Name of Gap Contract

I want to buy a gap contract.

Buyer Signs **X** _____

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is** $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
### Optional Credit Insurance
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
  Credit Life $ N/A
  Credit Disability $ N/A
Insurance Company Name
  N/A
Home Office Address
  N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance or credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance
☐ N/A                                    N/A
  Type of Insurance                      Term
Premium $ N/A
Insurance Company Name
  N/A
Home Office Address
  N/A
☐ N/A                                    N/A
  Type of Insurance                      Term
Premium $ N/A
Insurance Company Name
  N/A
Home Office Address
  N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

**X** _____  _____
Buyer Signature                          Date

**X** _____  _____
Co-Buyer Signature                       Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family or household use, you have the right to refinance the balloon payment when due without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

### 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay what you owe at once after we give you any notice the law requires. Default means:
- You do not pay any payment on time; or
- You give false, incomplete, or misleading information on a credit application, you start a proceeding in bankruptcy or one is started against you or your property, or you break any agreements in this contract, except that if you bought the vehicle primarily for personal, family or household purposes, we will only treat these events as defaults if they significantly impair the prospect of payment, performance, or realization of the collateral. We bear the burden of establishing the prospect of significant impairment.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including court costs, attorney fees and collection agency fees, but you will not have to pay both attorney fees and collection agency fees. Collection costs will not include costs incurred by our salaried employees and will not exceed 15% of the amount you owe.

This is not the Authoritative Copy.

Customer Copy

This is not the Authoritative Copy.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may only take the vehicle if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

This is not the Authoritative Copy.

## ARBITRATION PROVISION
## PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs **X** _____ Co-Buyer Signs **X** _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO CONSUMER. 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.**

---

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs **X** _____ Date 08/12/2019 Co-Buyer Signs **X** _____ Date 08/12/2019

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X** _____ Address _____ N/A _____

Seller signs OLATHE SUBARU LLC _____ Date 08/12/2019 By **X** _____ Title Finance

**LAW** FORM NO. 553-KS-ARB-e (REV. 6/16) U.S. PATENT NO. D460,782
©2016 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

*LAW 553-KS-ARB-e 6/16 v1*   Page 5 of 5



*Home of the "Smart MVR" ™*

PO Box 163355 • Sacramento, CA • 95816
Tel: 866.454.3238 • www.IMVRS.com

## KS Online Vehicle Report

**Order Date: 1/10/2020**

| | | | |
|---|---|---|---|
| **Ordered for:** | Dealer Track Collateral Management - OH | **Reference** | ███████ |
| **VIN Searched:** | 4T4BF3EK2AR055967 | **VIN:** | 4T4BF3EK2AR055967 |
| **Plate Searched:** | | **Plate:** | ███████ |
| **Title Searched:** | | **Title#:** | AA9280867 |
| **Searched on:** | 1/10/2020 | | |
| **Control #:** | ███████ | | |

### Vehicle Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Year:** | 2010 | **Make/Model:** | TOYOTA/ CAMRY | **Body:** | AA | **Vin:** | 4T4BF3EK2AR055967 |
| **Color:** | | **Mot Power:** | | **Veh Type:** | PASSENGER | **Plate:** | ███████ |
| **VLF Class:** | | **UL Wt/Axels:** | 3208 | **GVW:** | | **Plate Type:** | STANDARD |
| **Asterisk Yr:** | | **Title Issued:** | 10/18/2019 | **Reg Issued:** | 09/01/2019 | **Title Num:** | AA9280867 |
| **Odometer:** | 67990 | **Purchase Price:** | | **Total Fee:** | | **Reg Expires:** | 05/31/2020 |
| **First Sold:** | | **Purchase Date:** | 08/12/2019 | **Last Tran:** | | | |

### Legal Owners

**Name:** JPMORGAN CHASE BANK NA
**Address:** PO BOX 901076
FORT WORTH, TX 76101

### Registered Owners

**Name:** SHANNEN CLAIRICE FAHRNOW / ALBERT ALLAN BRYNDS JR
**Address:** 12519 CONNELL DR
OVERLAND PARK, KS66213

### Additional State Information

TITLE STATUS. APPROVED
REGISTRATION STATUS: ACTIVE
TITLE TYPE: REGULAR ( ELECTRONIC )
CATEGORY: REGULAR
ODOMETER STATUS: ACTUAL
REGISTRATION COUNTY:JOHNSON
PLATE JURISDICTION: KS
INSURANCE INFORMATION
    INSURER NAME: GEICO SECURE INSURANCE COMPANY
    POLICY NUMBER ███████
    POLICY STATUS: ACTIVE
    POLICY STATE: KS
    POLICY START DATE: 12/27/2019
    POLICY END DATE: 7/21/2020

**End of report**

| | | insrepv1-9(2016) |
|---|---|---|
| | | |

https://www.imvrs.com/Handler.ashx?cmd=GetReports2&Data=aWRzPVsiMTE2NDA2N...   1/10/2020

# J.D. POWER

## Vehicle Information



| | |
|---|---|
| **Vehicle:** | 2010 Toyota Camry Sedan 4D SE 2.5L I4 |
| **Region:** | Midwest |
| **Period:** | September 9, 2021 |
| **VIN:** | 4T4BF3EK2AR055967 |
| **Mileage:** | 142,500 |
| **Base MSRP:** | $22,165 |
| **Typically Equipped MSRP:** | $23,925 |
| **Weight:** | 3,285 |

## J.D. POWER Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly** | | | | |
| **Trade-In** | | | | |
| Rough | $4,275 | N/A | N/A | **$4,275** |
| Average | $5,225 | N/A | N/A | **$5,225** |
| Clean | $6,000 | N/A | N/A | **$6,000** |
| | | | | |
| Clean Loan | $5,400 | N/A | N/A | **$5,400** |
| Clean Retail | $8,375 | N/A | N/A | **$8,375** |

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Aluminum/Alloy Wheels | w/body | w/body |

J.D. Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2021 J.D.Power